IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Smith, ) | C/A No.: 1:13-2601-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Michael McCall, Warden; and Willie ) | |
| Davis, Deputy Warden SCDC Lee ) | |
| Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Plaintiff Tony Smith, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a claim of gross negligence against Warden Michael McCall and Deputy Warden Willie Davis (collectively "Defendants"). [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

      Plaintiff alleges that he experienced problems with his cellmate in the Special Management Unit ("SMU") at Lee Correctional Institution ("LCI"). [Entry #1 at 3]. Plaintiff claim that he sent "requests to high staff," a lieutenant and a case worker, but received no responses. *Id.* He asserts that his cellmate subsequently stabbed him. *Id.*

He claims such an incident should not have been possible in a maximum security prison. *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

Plaintiff alleges a claim of gross negligence against Defendants. The law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (recognizing that *Daniels* bars an action under § 1983 for negligent conduct). However, Plaintiff's allegations could also be liberally construed as a claim of deliberate indifference to his safety under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

  1. Individual liability

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928

3

(4th Cir. 1977). The complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555, 570. The complaint in this action provides no factual allegations to demonstrate any personal involvement by Defendants in Plaintiff's assault by another inmate. Therefore, Defendants are entitled to summary dismissal from the case for any individual capacity claims alleged by Plaintiff.

        2.      Supervisory liability

A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In the present action, Plaintiff alleges that he sent requests to "high staff" regarding issues with his SMU cellmate. [Entry #1 at 3]. However, Plaintiff provides no factual allegations to show that Defendants were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Thus, even if the majority in *Iqbal* did not entirely dispense with the concept of supervisory liability in a § 1983 case, Plaintiff provides insufficient facts to proceed on such a theory under Fourth Circuit precedent. Therefore, Defendants are also entitled to summary dismissal from this action for any supervisory liability claims

4

asserted by Plaintiff.

        3.     Lack of exhaustion

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotations and citation omitted). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*

A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006). Here, Plaintiff alleges that he has not filed a grievance concerning the claim raised in this case. [Entry #1 at 2]. Thus, based on the face of the

complaint, this action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

III.  Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 25, 2013                                          Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).